**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-572-SDD-RLB** |
| **LOUISIANA CONTRACTORS LICENSING SERVICE, INC., ET. AL.** | |

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 2, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES** **CIVIL ACTION**

**VERSUS** **NO. 25-572-SDD-RLB**

**LOUISIANA CONTRACTORS LICENSING SERVICE, INC., ET. AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Opposed Motion to Substitute Proper Party for Deceased Defendant (R. Doc. 57). The motion is opposed. (R. Doc. 60).

## I. Background

Plaintiff, National Association of State Contractors' Licensing Agencies ("NASCLA"), initiated this action by filing its Complaint against Louisiana Contractors Licensing Service, Inc. ("LCLS"), Ronald Squyres, and Glenda Squyres (collectively, "Defendants"), alleging an action for copyright infringement. (R. Doc. 1). On October 29, 2025, Mr. Squyres died, and Defendants' counsel notified NASCLA's counsel of his death. (R. Doc. 60 at 3). Defendants' counsel disclosed Mr. Squyres's death to the Court at a status conference on November 12, 2025. (R. Doc. 60 at 3). In the Court's Order following the November 12, 2025 status conference, the Court stated, "Plaintiff will need to determine how to proceed with their case due to the death of this defendant." (R. Doc. 48 at 1).

On January 13, 2026, the parties submitted a Joint Status Report, stating that the succession of Mr. Squyres had entered probate and was assigned suit number P-118201 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. (R. Doc. 49). The 19th Judicial District Court issued Letters of Independent Executorship to Mrs. Squyres, confirming her as the independent executrix of Mr. Squyres's succession. (R. Doc. 57-1 at 2; R.

Doc. 60 at 3). Further, the Joint Status Report stated that Defendants' counsel would file a Suggestion of Death with the Court, setting forth the proper party to be substituted. (R. Doc. 49).

Defendants' counsel notified NASCLA's counsel on February 20, 2026 by email that Mrs. Squyres was the proper party to substitute for Mr. Squyres "should NASCLA wish to maintain its claims against Mr. Squyres." (R. Doc. 60-1 at 2). Defendants' counsel subsequently filed the Suggestion of Death on February 26, 2026, identifying Mrs. Squyres as the proper party to substitute. (R. Doc. 51). The Suggestion of Death was served on all parties through the Court's CM/ECF system. (R. Doc. 51 at 2). At a status conference on the same day, the Court "noticed that the notice of suggestion of death was filed this morning" and that "any motion to substitute parties[] should be filed when appropriate." (R. Doc. 52).

On May 15, 2026, NASCLA's counsel emailed Defendants' counsel, asking "if and when" Defendants intended to file a motion to substitute. (R. Doc. 57-4 at 4). Defendants' counsel responded on June 8, 2026, stating,

> Finally, Defendants do not intend to file a motion to substitute Mrs. Squyres in her capacity as succession representative of Mr. Squyres, nor was it Defendants' obligation to do so. In my February 20, 2026, email, and in Defendants' Statement noting death, we identified Mrs. Squyres as the proper party to substitute and made clear that it was NASCLA's prerogative to seek substitution if NASCLA wished to maintain its claims against the estate.

(R. Doc. 57-5 at 1). NASCLA's counsel and Defendants' counsel participated in a Rule 37 Conference on June 17, 2026 and discussed the motion to substitute. (R. Doc. 57-1 at 3; R. Doc. 60 at 4). NASCLA filed the instant Motion to Substitute on July 17, 2026. (R. Doc. 57).

In its Motion to Substitute, NASCLA argues that (1) since Mrs. Squyres was not served in the manner provided by Rule 4 in her capacity as Independent Executrix of Mr. Squyres's succession, the 90-day period in which NASCLA is required to file its motion to substitute has not yet been triggered, and (2) in the alternative, any delay in filing its motion to substitute

constitutes excusable neglect due to a good-faith misunderstanding between the parties as to which party would move to substitute. (R. Doc. 57 at 3). Defendants oppose NASCLA's motion to substitute on the grounds that (1) since Mrs. Squyres is already a party, she may be served pursuant to Rule 5, not Rule 4, (2) the motion to substitute is untimely as it was not filed within 90 days of filing the Suggestion of Death, and (3) NASCLA's actions do not constitute excusable neglect as NASCLA knew of its need to file the motion and simply failed to do so. (R. Doc. 60).

## II. Law & Analysis

Rule 25(a) provides the following:

> **(a) Death.**
>
> **(1) *Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> **(2) *Continuation Among the Remaining Parties.*** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> **(3) *Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). "Although Rule 25 is procedural; whether a deceased party's claim has been 'extinguished' and who is a 'proper party' for substitution are questions of substantive law." *Perron on behalf of MFJ v. Travis*, No. 20-221, 2023 WL 372064, at *1 (M.D. La. Jan. 24, 2023) (citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C Federal Practice and Procedure § 1952 (3d ed. 2007) ("Whether

the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question of substance on which the state law ordinarily governs.")).

Federal Rule of Civil Procedure 4 provides that unless federal law provides otherwise, an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Federal Rule of Civil Procedure 5 states that a represented party must be served through service upon the represented party's attorney, unless the court orders otherwise. Fed. R. Civ. P. 5(b).

"Following the *service* of the statement noting death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed." *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (emphasis in original). A party to an action "may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id*. (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (*Sampson*'s emphasis deleted). "Rule 4 service is needed to establish the court's personal jurisdiction over the new party." Fed. R. Civ. P. 25 cmt; *Ransom*, 437 F. 2d at 518 (concluding that "Rule 4 service of the motion to substitute is for the purpose of acquiring personal jurisdiction over non-parties, and Rule 5 service of the motion is not sufficient to acquire such jurisdiction and cannot be employed in lieu of Rule 4.").

The court may extend the time to file a motion after the time to file has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Peebles v. Arrow Fin. Servs., L.L.C.*, No. 2:04-CV-185-DF, 2005 WL 8161006, at *2 (E.D. Tex. Aug. 29, 2005) (citing *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)) ("The history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 n. 8 (5th Cir. 2006) (citations omitted). Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993); *see also United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995).

A dismissal under this rule may be with or without prejudice, at the Court's discretion. *See, e.g., Bradford v. Hyosung Am.*, No. 4:22-218, 2023 WL 2546994, at *3 (E.D. Tex. Feb. 22, 2023), *report and recommendation adopted*, 2023 WL 2542607 (E.D. Tex. Mar. 16, 2023)). The consequences of failing to timely substitute under Rule 25 are not aimed at punishing parties or absolving parties who may be at fault from liability; rather, the dismissal mandate of Rule 25(a)(1) is grounded in concerns with the failure to prosecute an action following the death of a party. *See Gills v. St. Amant*, No. CV 18-13604, 2024 WL 1328424, at *3 (E.D. La. Mar. 28, 2024) (citing *Rowland v. GGNSC Ripley, LLC*, No. 13-11, 2016 WL 4136486, at *6 (N.D. Miss. Aug. 3, 2016)).

**A. Plaintiff's Motion to Substitute was Untimely.**

Defendants filed the Suggestion of Death on February 26, 2026, identifying Mrs. Squyres as the proper party to substitute. (R. Doc. 51).[1] Defendants assert they properly served Mrs. Squyres with the Suggestion of Death on February 26, 2026 through the Court's CM/ECF system. (R. Doc. 60 at 4). NASCLA asserts that Mrs. Squyres was required to be served "in her capacity as Independent Executrix of the succession" pursuant to Rule 4, which is not satisfied by service through the Court's CM/ECF system. (R. Doc. 57-1 at 4). This Court agrees with Defendants.

Since Mrs. Squyres is already a party to this lawsuit, it is unnecessary to serve Mrs. Squyres pursuant to Rule 4; the distinction between Mrs. Squyres's individual capacity and her capacity as Mr. Squyres's independent executrix is inconsequential for the purposes of serving the Suggestion of Death. Instead, Mrs. Squyres may be served pursuant to Rule 5, which allows service through the Court's CM/ECF system. *See Campos v. Shepherd,* No. 2:24-CV-00040, 2025 WL 2836816, at *4 (S.D. Tex. Feb. 19, 2025), *report and recommendation adopted in part, rejected in part*, No. 2:24-CV-00040, 2025 WL 2814704 (S.D. Tex. Oct. 3, 2025) (holding that the succession representative who was already a party as a co-defendant was properly served pursuant to Rule 5 through the Court's electronic case filing system); *see also Lowe v. Eltan, B.V.*, No. 9:05-CV-38, 2018 WL 11470498, at *4 (E.D. Tex. Apr. 10, 2018) (requiring Rule 4 service when "[t]here is no disputing that neither [the executrix] nor the Estate is a named party

---

[1] The parties do not dispute that Mrs. Squyres, as Mr. Squyres's independent executrix, is the proper party to substitute. "Courts are split on whether to apply state law or federal law in determining proper parties for substitution. Under federal law, a proper party is one who qualifies as a successor, a representative, or a distributee. Under Louisiana law, a proper party for substitution is defined in Louisiana Code of Civil Procedure article 801 as the deceased party's 'legal successor.' Legal successor depends on whether the succession is under administration. If a succession has been opened, the legal successor is the succession representative appointed by a state court. If the succession has not been opened, the legal successors are the heirs and legatees of the deceased." *Perron on behalf of MFJ*, 2023 WL 372064, at *2 (internal citations omitted).

to the case at this time."); *see also Washington v. Louisiana,* No. CIV.A. 11-334-BAJ, 2013 WL 4048561, at *1 (M.D. La. Aug. 9, 2013) (co-plaintiffs "received service of the filing [of the statement noticing death by defendants] through the court's electronic case filing system," and the surviving co-plaintiff then sought to be substituted for the late co-plaintiff); *see also In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:13-CV-01775, 2017 WL 3045496, at *1 (S.D.W. Va. July 18, 2017) (citing Fed. R. Civ. P. 5(b)(1)) ("If the successor or representative is a party to the action, service must be made on the party's attorney.").

This conclusion is further supported by NASCLA serving the instant Motion to Substitute through the Court's CM/ECF system. (R. Doc. 57 at 6). Fed. R. Civ. P. 25(a)(1) specifically states that "[a] statement noting death must be served in the same manner" as the motion to substitute. Fed. R. Civ. P. (a)(3). Since service for both the suggestion of death and the motion to substitute are the same, it is nonsensical that NASCLA, who served the instant motion via the Court's CM/ECF system, would believe its service was proper while Defendants' service was deficient. Therefore, the 90-day period in which a party needed to file a motion to substitute began on February 26, 2026 and ended on May 27, 2026. NASCLA did not file its motion to substitute until July 17, 2026, so the instant Motion to Substitute is untimely. (R. Doc. 57).

**B. The 90-Day Period Should Not Be Extended Since NASCLA Has Not Established Excusable Neglect.**

Fed. R. Civ. P. 6(b) allows courts to extend the 90-day deadline upon a showing of excusable neglect. *See Washington v. Louisiana*, No. CIV.A. 11-334-BAJ, 2013 WL 4048561, at *2 (M.D. La. Aug. 9, 2013); *see also Gamboa v. Citizens, Inc.*, No. 1:17-CV-241, 2018 WL 1885194, at *1 (W.D. Tex. Mar. 20, 2018). The relevant factors to the excusable neglect inquiry include: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it

was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Adams*, 465 F.3d at 162 n. 8. Based on these factors, NASCLA has failed to establish excusable neglect.

**1. Danger of Prejudice to Non-Movant**

"This factor considers the future danger of prejudice a party may suffer, not preexisting prejudice." *Campos v. Shepherd*, No. 2:24-CV-00040, 2025 WL 2814704, at *3 (S.D. Tex. Oct. 3, 2025) (citing *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 737 (5th Cir. 1995)). When a party has continued to litigate a matter, including but not limited to exchanging discovery materials, participating in hearings, and discussing the designation of experts, this weighs against a finding of prejudice. *See id*. at *4.

NASCLA argues Defendants suffer no prejudice from the requested substitution as Mrs. Squyres is already a party to the action and represented by the same counsel who represented Mr. Squyres. (R. Doc. 5-1 at 7). Further, NASCLA argues the substitution imposes no new substantive burden, requires no additional discovery, and does not affect the pending scheduling order or Protective Order. (R. Doc. 5-1 at 7). Here, the parties have continued the litigation, but Defendants' counsel has clearly done so only on behalf of LCLS and Mrs. Squyres, not Mr. Squyres. *See* R. Doc. 60-3) (discovery requests from Defendants on behalf of only LCLS and Mrs. Squyres). Additionally, although NASCLA previously stated further discovery would not be required, NASCLA argues in its Motion to Amend the Scheduling Order that if this substitution is allowed, the fact discovery deadline needs to be extended because further depositions would be needed for the proper party defendant. (R. Doc. 58 at 2).

Defendants argue that allowing the substitution (1) will further burden Defendants as NASCLA has failed to diligently pursue its claim and (2) requires Mr. Squyres's state court

succession to remain open, which circumvents the purpose of the rule, to move estates toward repose and limit the prejudice to the succession by setting a prescribed time by which the succession could be substituted. (R. Doc. 60 at 8-9). This Court agrees with Defendants that allowing the substitution would undoubtedly further delay the proceedings, prejudicing Defendants. Had Plaintiff's counsel filed a timely motion to substitute, Defendants could have avoided the time and expense required for its filings, including the suggestion of death, the opposition to the instant motion, and the opposition to the motion to amend the scheduling order as it is partially based on the motion to substitute not yet being decided. This factor weighs against finding excusable neglect.

**2. Length of Delay and Potential Impact on Judicial Proceedings**

NASCLA learned of Mr. Squyres's passing, at the latest, on November 12, 2025 during a status conference with the Court. NASCLA has therefore known that a party would need to be substituted in this matter for over 8 months. Further, since the Suggestion of Death was filed on February 26, 2026, the deadline to file the motion to substitute was May 27, 2026, yet NASCLA waited until July 17, 2026 to file the Motion to Substitute, 51 days after the deadline. (R. Doc. 57). Even under the facts as NASCLA alleges, NASCLA was certain that it was required to file the motion on June 8, 2026 after the parties' Rule 37 Conference, yet NASCLA waited over a month before filing the instant motion and provides no explanation for the delay. (R. Doc. 57-1).

NASCLA's delay required the Court and parties to expend significant resources in determining whether dismissal is appropriate. *See Campos*, 2025 WL 2814704, at *4. Further, the length of the delay affects the scheduling order, as evidenced by NASCLA's pending Motion to Amend the Scheduling Order. (R. Doc. 58). According to the scheduling order, fact discovery has closed in this case, yet it is the Court's understanding that several outstanding discovery

issues remain. This factor also weighs against finding that NASCLA's actions were excusable neglect.

**3. Reason for Delay**

NASCLA argues there was a miscommunication between the parties regarding who would file the motion to substitute, but the record indicates otherwise. First, in the Order following the November 12, 2025 status conference, the Court stated NASCLA, as Plaintiff, needed to determine how to proceed "due to the death of this defendant." (R. Doc. 48). Next, on February 20, 2026, Defendants' counsel notified NASCLA that Mrs. Squyres was the proper party to substitute "should NASCLA wish to maintain its claims against Mr. Squyres." (R. Doc. 60-1 at 2). Defendants made clear that if NASCLA wished to pursue its claims against Mr. Squyres, NASCLA needed to substitute Mrs. Squyres.

NASCLA contacting Defendants' counsel to ask "if and when" Defendants intended to file the motion to substitute does not excuse NASCLA missing the deadline. Either party may file, and if NASCLA doubted who would do the filing, it could have filed the motion itself or simply tried to contact Defendants' counsel about the matter again. Neither occurred. *See Gamboa*, 2018 WL 1885194, at *2 ("nothing would have prevented Plaintiffs from timely filing their motion [to substitute] and indicating that Defendants' counsel had failed to respond to their inquiry"). Merely asking "if and when" Defendants would file the motion shows NASCLA was aware it may be NASCLA's responsibility to file the motion. The reason for the delay was wholly in NASCLA's control, and NASCLA's failure to take action and prosecute its claim is exactly what Rule 25(a)(1) was intended to protect parties against. This factor therefore also weighs against finding excusable neglect.

**4. Good Faith**

NASCLA's omission of Defendants' February 20, 2026 email notifying NASCLA of the proper party to substitute if NASCLA wished to maintain its claims against Mr. Squyres in its motion to substitute does not indicate good faith. Further, even if NASCLA may have acted in good faith, this good faith does not outweigh the persuasiveness of the other factors. Thus, this Court finds that NASCLA's actions were not excusable neglect, and NASCLA's motion to substitute should be denied.

**III. Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Opposed Motion to Substitute Proper Party for Deceased Defendant (R. Doc. 57) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendant Ronald Squyres be **DISMISSED** pursuant to Federal Rule of Civil Procedure 25(a)(1).

Signed in Baton Rouge, Louisiana, on September 2, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**