**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NATIONAL ASSOCIATION OF STATE CONTRACTORS' LICENSING AGENCIES** — **CIVIL ACTION**

**VERSUS** — **NO. 25-572 SDD-RLB**

**LOUISIANA CONTRACTORS LICENSING SERVICE, INC., ET. AL.**

# ORDER

Before the Court is Defendants' Motion for Attorney's Fees pursuant to the Court's Order of September 9, 2025 (R. Doc. 72). (R. Doc. 75). The motion is opposed. (R. Doc. 78).

## I. Background

Plaintiff, National Association of State Contractors' Licensing Agencies ("NASCLA" or "Plaintiff"), initiated this action on May 2, 2025 by filing its Complaint against Louisiana Contractors Licensing Service, Inc. ("LCLS"), Ronald Squyres, and Glenda Squyres (collectively, "Defendants"), alleging an action for copyright infringement. (R. Doc. 1). On July 23, 2026, Defendants filed their Motion to Compel Discovery Responses and Document Production and for Award of Expenses under Rule 37(a). (R. Doc. 59).

The Court granted the Motion to Compel, requiring NASCLA to provide responses to various requests for production and interrogatories. Further, the Court ordered NASCLA to pay the reasonable expenses and attorney's fees incurred by Defendants in filing Defendants' Motion to Compel. (R. Doc. 72). Defendants filed the instant motion for attorney's fees, including evidentiary support, as directed by the Court should the parties be unable to resolve the amount of reasonable expenses and attorney's fees incurred by Defendants in filing the motion to compel. (R. Doc. 75). Defendants now seek recovery of $15,823.03 as the measure of reasonable

attorney fees incurred in obtaining the Court's Order. (R. Doc. 75). Defendants solely seek recovery of attorney's fees, not costs. (R. Doc. 75-2 at 5).

## II. Legal Standards

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's responsible expenses incurred in making the motion, including attorney's fees. However, the court must not order this payment if (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's nondisclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Once a district court has determined that a party is entitled to an award of attorney's fees, as in this case, the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar calculation involves multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate based on the market for that work in the community. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974).[1]

---

[1] The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

## III. Analysis

The first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district in which the litigation occurred, here, the Middle District of Louisiana. *See Comar Marine Corp. v. Raider Marine Logistics, LLC*, No. 09-1438, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016).

"An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co.*, LLC, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a particular community may be established based on the affidavits of other attorneys practicing there. *Id.* (citing *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008)). "[A] district court 'is itself an expert' on the issue of fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Winget v. Corp. Green*, *LLC*, No. 09-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Defendants have two billing attorneys: Hugh A. Warren, Special Counsel, and W. Whitaker Rayner, Senior Partner. For Mr. Warren, Defendants seek the hourly rate of $454.91 per hour for April through June 2026 and $460.00 per hour for July through September 2026. For Mr. Rayner, Defendants seek the hourly rate of $490.43 per hour and $500.00 per hour for the

same periods. (R. Doc. 75-1 at 5). Mr. Warren is a registered patent attorney with approximately seven years of intellectual property practice, and Mr. Rayner is an experienced intellectual property litigator with approximately 40 years of intellectual proper practice.

To support these billing amounts, Defendants merely state that "[a] fee applicant's customary billing rate is evidence of the market rate." (R. Doc. 75-1). However, "a mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. See *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). While Defendants have produced an affidavit of the attorney performing most of the work at issue, there is no presentation of "information of rates actually billed and paid in similar lawsuits" or "affidavits of other attorneys practicing [in the community in question]." *Heck v. Buhler*, No. 07-21, 2014 WL 2003270, at *2 (M.D. La. May 15, 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)), *aff'd sub nom. Heck v. Triche*, 601 F. App'x 239 (5th Cir. 2015)).

That said, the Court will set the lodestar rate at defense counsel's April 2026 rates (*i.e.* $454.91 for Mr. Warren and $490.43 for Mr. Rayner). While high, similar rates have been found to be reasonable in this district. *See Jones v. Comenity Cap. Bank*, No. 25-425, 2026 WL 852068, at *3 (M.D. La. Mar. 27, 2026) (finding hourly rate of $475 for partner and $275 for associate at Kean Miller LLP to be reasonable); *Texas Cap. Bank v. Fat Cow, LLC*, No. 22-157, 2023 WL 6972982, at *1 (M.D. La. Oct. 23, 2023) (finding billing rates between $375/hour and $500/hour to be reasonable rates in this district where the attorneys practiced in the areas of bankruptcy, creditor's rights, and business litigation). These rates are also consistent with previous decisions in this district when adjusted for inflation. *See, e.g., Hollenbeck v. False River Veterinary Clinic*, No. 20-764, 2021 WL 5467021, at *3 (M.D. La. Nov. 1, 2021) ($300 per hour is reasonable rate

of attorney with 27-28 years of experience), *report and recommendation adopted*, 2021 WL 5458418 (M.D. La. Nov. 22, 2021); *Pilkington N. Am., Inc. v. Smith*, No. 11-176, 2014 WL 6633096, at *2 (M.D. La. Nov. 21, 2014) ($340 per hour is reasonable average rate for attorney with more than 25 years of experience); *Hamdan v. Tiger Bros. Food Mart Inc.*, No. 15-412, 2018 WL 3029991, at *12 (M.D. La. May 22, 2018) ($375 per hour is reasonable rate for attorney with 30 years of experience), *report and recommendation adopted*, 2018 WL 3028943 (M.D. La. June 18, 2018).

Further, a party seeking attorney fees has the burden of showing the reasonableness of the hours billed, including proving they exercised billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. If the court finds that the fee-seeking attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Ci. v. White*, 548 U.S. 53 (2006).

Defendants seek compensation for a total of 35.3 hours, including 19.2 hours drafting the motion to compel, the reply, and the supplemental reply. Defendants' other hours were spent on the initial discovery deficiency correspondence and Rule 37 conference prior to filing the motion to compel, 9 hours, and reviewing the Order, attempting to confer with NASCLA regarding fees, and preparing the instant motion, 7.1 hours. (R. Doc. 75-1 at 6). Further, Defendants exercised billing judgment to exclude a total of 7.6 hours found to be duplicative, unproductive, or outside of the scope of the Order. Defendants also entirely excluded all clerical and administrative tasks.

(R. Doc. 75-1 at 7). Finally, since Defendants prevailed on every contested request except one, Defendants were successful on thirty-two of the thirty-three requests at issue. Defendants therefore reduced their lodestar by one-thirty-third ($494.47), a proportional reduction. (R. Doc. 75-1 at 8).

The Court has fully reviewed the supporting billing records provided. Given the efforts required by defense counsel to obtain discovery responses, the Court will allow Defendant to recover attorney time involved in corresponding and conferencing with Plaintiff's counsel regarding the discovery deficiencies. The Court finds that the Defendants have properly applied billing judgment to reduce, as appropriate, time entries that vaguely refer to the receipt or review of discovery responses and pleadings filed, which is required regardless of whether any motion to compel is ultimately filed. Thus, the 9 hours prior to drafting the motion to compel is appropriate.

However, the Court will reduce time entries that are duplicative of tasks previously performed, specifically the July 23, 2026 entry for 4 hours by Mr. Warren for finalizing a motion and filing the same with the court. The Court will also reduce time claimed for a redacted entry on September 10, 2026, reducing the hours from .80 to .40. Thus, the Court will allow Defendants to claim 14.8 hours spent drafting the motion to compel, reply, and supplemental reply. *See, e.g., Sieber v. Delta Air Lines, Inc.*, 2019 WL 2026853, at *2 (E.D. La. May 8, 2019) (awarding 9 hours for a motion to compel; attorneys performed 26.9 hours of work, but "exercised prudent billing judgment by seeking attorney's fees for only nine (9) hours of work"); *Rhodes v. Vandyke*, 2018 WL 2925133, at *3 (W.D. Tex. June 11, 2018) (awarding 5.7 hours for motion to compel, including contacting opposition counsel multiple times, preparing the motion, and request for attorney fees and expenses); *Lechuga v. Magallanes*, 2017 WL 8180782, at *4

(W.D. Tex. July 28, 2017) ("The Court further finds that spending 18.9 hours on two successful motions to compel was reasonable and necessary."); *Liberty Mut. Fire Ins. Co. v. Ford Motor Co.*, 2017 67524, at *4 (E.D. La. Jan. 6, 2017 (awarding 8.25 hours for motion to compel); *Lequip Importacao e Exportacao de Maquinas e Equipamentos Limitada v. Drillers Mud Sys., L.L.C.*, 2014 WL 3970100, at *1 (W.D. La. Aug. 13, 2014) (reducing 15.6 request hours by half, to 7.8 for motion to compel).

Finally, given the detailed correspondence from both parties in communicating regarding the award of fees, the Court finds 7.1 hours to coordinate with Plaintiff and to draft the instant motion is reasonable. Thus, the total amount 30.9 hours is appropriate. Since the Court solely reduced 4.4 of Mr. Warren's hours, the overall amount of the lodestar is decreased by $2,001.60. The Court will therefore award Defendants $13,821.43 in attorneys fees.

The Court further finds that a reduction of the lodestar amount pursuant to the *Johnson* factors to be unnecessary, in part because some of those factors were considered in the calculation of the lodestar. *See, e.g., Mark v. Sunshine Plaza, Inc.*, 2018 WL 1960022, at *3 (Apr. 26, 2018) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)) ("To the extent that any of these factors is subsumed in the lodestar, however, they should not be reconsidered when determining whether an adjustment is appropriate.").

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Attorney's Fees Pursuant to the Court's Order of September 9, 2026 (R. Doc. 75) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff or Plaintiff's counsel shall pay Defendants **$13,821.43** within **14** days of the date of this Order. Defendants shall file a Notice of Compliance or a Notice of Non-compliance with the

Court indicating whether timely payment was made. Failure to comply with this Order may result in the issuance of further appropriate sanctions.

Signed in Baton Rouge, Louisiana, on November 24, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**